UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY, a Connecticut corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>MORRIS B. SILVER, M.D., A MEDICAL CORPORATION, a California corporation; YDM MANAGEMENT CO., INC., a California corporation, and Does 1-10,<br><br>            Defendants. | CASE NO. CV13-4540 DDP (SHx)<br><br>**STIPULATED PROTECTIVE ORDER** |

Having considered the parties' Proposed Stipulated Protective Order set forth below and finding good cause therefore, it is hereby ORDERED that the following Stipulation between the parties shall be the Order of the Court:

## **RECITALS**

A.   Plaintiff and Counterdefendant Aetna commenced this action;

B.   The discovery phase of this action may involve the disclosure of information and documents which Aetna believes to be protected as trade secrets, and/or other confidential and proprietary business, technical, and financial information; and

C. The discovery phase of this action may involve the disclosure of information and documents which third parties believe to be protected as trade secrets, and/or other confidential and proprietary business, technical, and financial information ;

D. The Parties stipulate under Rule 26(c) of the Federal Rules of Civil Procedure, and applicable decisional law to the issuance of a protective order regarding the treatment of trade secrets, proprietary and confidential information.

## STIPULATION

1. <u>Proceedings and Information Governed</u>. This Stipulation, and Court's Order thereon, will govern any document, information, or other thing furnished or produced by any party to this action or third party, which may be produced in this action and designated by the producing party or third party as "Confidential" information or material as defined below. The Stipulation, and Court's Order thereon shall include and apply to Plaintiff and Defendants and third parties. The information protected includes, but is not limited to, information produced in connection with Federal Rule of Civil Procedure 26, information contained in responses to demands for identification and production of documents or other things; responses to interrogatories; deposition testimony and exhibits, including any documents or other information or materials that may be produced prior, or subsequent, to any depositions; and all copies, extracts, summaries, compilations, designations, and portions of the foregoing.

2. <u>"Confidential" Information or Material Defined</u>. For purposes of this Stipulation, and Court's Order thereon, "Confidential" information or material will mean all information or material that:

    (a) Is produced for or disclosed to a receiving party (Plaintiff or Defendant); and

    (b) A party (Plaintiff or Defendant) or a third-party reasonably and in good faith believes to constitute or contain trade secrets or otherwise constitutes

-2-
STIPULATED PROTECTIVE ORDERCase No. CV13-4540 DDP (SHx)

1  business proprietary and/or confidential material, or other confidential research,
2  development, or commercial information, whether embodied in physical objects,
3  documents, or other factual knowledge of persons, and specifically shall include
4  but not necessarily be limited to, financial data, personal health information,
5  personal information of third parties, consumer surveys, marketing studies,
6  databases of business contacts, databases of business document templates, policies,
7  procedures, rules and regulations, bulletins, memoranda, training materials, and
8  any and all writings reflecting same; and

9  (c) Has been designated as "Confidential" information or material
10 by a producing party or producing third party in compliance with Paragraph 3 of
11 this Stipulation, and Court's Order thereon, and in advance of its production.

12 3. <u>Designation of "Confidential" Information or Material</u>.  Any party or
13 third party may designate "Confidential" information or material by stamping or
14 affixing to the physical objects, documents, discovery responses, or deposition
15 transcripts a stamp or other inscription that states: "Confidential."

16 For written material, documents, or other tangible items, the designation of
17 any particular page of written material shall mean that all information contained on
18 that page is designated "Confidential" unless otherwise indicated.  To the extent
19 possible, such designation shall be made so as not to interfere with the content of
20 any such written material.

21 For information not reduced to written material, document, or other tangible
22 item, or information that cannot be conveniently designated as set forth in this
23 paragraph, any party or third party may designate the confidential information by
24 giving written notice to the receiving party at the time the confidential information
25 is produced.  The written notice must clearly identify that part of the information
26 being produced that is designated as "Confidential."

27 Each third party that discloses confidential information pursuant to this
28 Stipulation agrees to be subject to the jurisdiction of this Court solely for purposes

1  of proceedings relating to that confidential information.  For purposes of this
2  stipulation, the third party that discloses confidential information pursuant to this
3  Stipulation shall be considered a "Party," and shall be included with the other
4  "Parties," with respect to such information.

5       4.   <u>Party's Own Information</u>.  The restrictions on the use of
6  "Confidential" information or material established by this Stipulation, and Court's
7  Order thereon, apply only to the use by a party of "Confidential" information or
8  material received from another party to this action, or from a non-party to this
9  action, and shall not apply to the use by a party of her/its own information.

10      5.   <u>Persons Authorized to Receive Confidential Information and Material</u>.
11 For purposes of this Stipulation, and Court's Order thereon, the term
12 "qualified recipient" of information and material that has been designated pursuant
13 to the terms of this Stipulation, and Court's Order thereon, shall mean:
14           (a)   The Parties to this action, including officers, directors, and
15 other employees of the party to whom disclosure of confidential information is
16 deemed necessary by that party for purposes of this action only;
17           (b)   The attorneys of record in this action, attorneys employed in-
18 house by or on behalf of the Parties, any attorneys retained by the Parties in this
19 action to consult on the litigation, their respective partners, associates, clerks, legal
20 assistants, secretaries, and stenographic and support personnel, and such other
21 persons retained by such attorneys to provide litigation support services in this
22 action;
23           (c)   Any persons to whom the Court in this action orders that
24 disclosures may be made.
25           (d)   Any other person with prior written consent of the designating
26 party.
27      Each person to whom disclosure of confidential information is made agrees
28 to be subject to the jurisdiction of this Court solely for purposes of proceedings

1 relating to that person's performance under, compliance with, or violation of any
2 Order entered by this Court in connection with this Stipulation, and Court's Order
3 thereon.

4       6.    <u>Challenges to and Removal of "Confidential" Designation</u>.  Nothing
5 in this Stipulation, and the Court's Order thereon, shall preclude any party from
6 challenging a designation of any information or material as "Confidential" by any
7 party.  If designated by a party as "Confidential," information and material will be
8 so treated for all purposes, and shall continue to be treated as "Confidential" unless
9 and until the Court rules to the contrary.

10       Any party may challenge or object to the designation as "Confidential" of
11 any information and material and/or seek removal of particular items of
12 "Confidential" information or material by giving counsel for all other parties and
13 applicable third parties written notice of his or her/its intent to seek removal within
14 thirty days (30) of receipt of the information or material, which notice shall specify
15 the items of "Confidential" information and material for which removal is sought.
16 The written notice shall have attached a copy of such designated material or shall
17 identify each subject document by production number or deposition page and shall
18 state that the receiving party objects to the designation.  Counsel for the objecting
19 party shall then initiate a conference in good faith in an effort to resolve any
20 dispute concerning such designation.  Counsel for the designating party or
21 applicable third party shall have fourteen (14) days from the date of service of the
22 objection to provide any reasons for justifying the designation.

23       If the objection cannot be resolved by agreement within twenty-one (21)
24 days of the date of service of the objection, the party objecting to the
25 "Confidential" designation, may make a motion to the Court, subject to the rules
26 applicable to motions generally, to declassify such information.  No party to the
27 action shall be deemed by treating information and/or material as "Confidential" to
28 have conceded that the information actually is "Confidential," however, the party

claiming classification of any information designated as "Confidential," shall have the burdens of proof and persuasion on said issue.

For purposes of this Stipulation, and Court's Order thereon, "receipt" of an objection made pursuant to this paragraph shall mean on completion of transmission, if service is made by facsimile, on delivery, if service is made personally, two days after mailing, if service is made by express mail or other means of overnight delivery, and three days after the date of mailing, if service is made by regular mail.

7. <u>Use of "Confidential" Information or Material</u>. Any information or material designated as "Confidential" will be handled by the receiving party in accordance with the terms of this Stipulation, and Court's Order thereon. Information and material designated as "Confidential" will be held in confidence by the receiving party, will be used by each receiving party for purposes of this action and trial only and not for any business, competitive or other purpose unless agreed to in writing in advance by all Parties to this action or as authorized by further Order of the Court, and will not be disclosed to, or the substance discussed with, any person who is not a qualified recipient.

8. <u>Copies of "Confidential" Information or Material</u>. Nothing in this Stipulation, or Court's Order thereon, shall prevent or otherwise restrict a qualified recipient from making working copies, abstracts, summaries, digests and analyses of "Confidential" information or material for use in connection with this action. All working copies, abstracts, summaries, digests and analyses will also be considered "Confidential" under the terms of a Court's Order approving this Stipulation.

9. <u>Transmission of "Confidential" Information or Material</u>. Nothing in this Stipulation, and Court's Order thereon, shall prevent or otherwise restrict the transmission or communication of "Confidential" information or material between or among qualified recipients of such material.

10. <u>Sealing of Documents</u>.  Any party seeking to file with the court pleadings, motions, or other documents that contain or annex "Confidential" information or material is required to file a motion or application with the court to seal such records and to take whatever other and further steps are necessary and required by the Court to comply with the requirements of this paragraph and to file such pleadings, motions, or other documents under seal and in accordance with Local Rule of Civil Procedure 79-5.1.  This Stipulation, and Court's Order thereon, is not intended to govern any trial in this action and any question concerning the admissibility or use of confidential information at trial shall be addressed by further Court Order.

11. <u>Court Proceedings</u>.  Pleadings, motions, or other documents to be filed with the Court in this action that contain or annex "Confidential" information must be filed under seal and in accordance with Paragraph 10 to this Stipulation, and Court's Order thereon.  Any court hearing or other proceeding that refers to or describes "Confidential" information will be held in camera in the Court's discretion.

12. <u>Testimony</u>.  Notwithstanding any provision of this Stipulation, and Court's Order thereon, to the contrary, any person may be examined as a witness at deposition and may testify concerning all "Confidential" information of which the person is the author, addressee or has knowledge.  If the examination concerns "Confidential" information or material, the producing party will have the right to exclude from that portion of the deposition concerning the "Confidential" information or material any person other than the witness, the witness's attorney(s), and qualified recipients of the "Confidential" information or material.

If the witness and/or his or her attorney is not a qualified recipient, then before the examination commences, the witness and his or her attorney each will be requested to provide written confirmation that he or she will comply with the terms of this Stipulation, and Court's Order thereon, and maintain the

1  confidentiality of the "Confidential" information or material disclosed during the
2  course of the interview or examination.  If the witness and/or his or her attorney
3  declines to provide written confirmation agreeing to the terms of the Stipulation,
4  and Court's Order thereon, the producing party has the right to adjourn the
5  examination to promptly seek a further protective order from the Court prohibiting
6  the witness and/or his or her attorney from disclosing the "Confidential"
7  information or material.

8  Any court reporter who takes down testimony in this action, through
9  interview, examination, deposition or otherwise (collectively "deposition"), will be
10 given a copy of this Stipulation, and Court's Order thereon, and will be required to
11 agree on the transcript of the deposition, that he or she will not disclose any
12 testimony and/or information revealed at the deposition, except to the attorneys of
13 record for the Parties in this action or to such other qualified recipients as the
14 attorneys of record for the Parties so designate in writing to the court reporter.

15 Unless the Parties reach a different written agreement prior to the
16 deposition's conclusion, the transcript, the original, and all copies of any
17 deposition transcript, and exhibits, will be initially considered as a whole to
18 constitute "Confidential" information subject to this Stipulation, and Court's Order
19 thereon, and will be conspicuously marked as described below.  Any disputes over
20 this designation, in whole or in part, will be resolved through the procedure and in
21 accordance with the burden of proof designated in Paragraph 6, above, for
22 challenges to the designation as "Confidential" information.

23 Once resolved, or if no challenge is made, the reporter will promptly
24 conform the original transcript, and counsel will conform their copies of the
25 transcript in accordance with the agreed-upon or resolved designation.  The
26 portions designated as "Confidential" will thereafter be bound in a separate
27 booklet, conspicuously marked on the cover thereof with the words
28 "CONFIDENTIAL - SUBJECT OF PROTECTIVE ORDER" and shall be treated

as "Confidential" information or material subject to this Stipulation, and Court's Order thereon.

13. <u>Attorneys' Actions</u>.  Nothing in this Stipulation, and Court's Order thereon, will bar or otherwise restrict an attorney who is a qualified recipient from:

    (a)  Rendering advice to his, her or its client with respect to this action; or

    (b)  Generally referring to or relying on his or her examination of documents that have been produced under this Stipulation, and the Court's Order thereon, and that contain "Confidential" information.

14. <u>No Waiver</u>.  The taking of, or the failure to take, any action to enforce the provisions of this Stipulation, and Court's Order thereon, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Stipulation, and Court's Order thereon, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

    (a)  Is or is not relevant, material, or otherwise discoverable;

    (b)  Is or is not confidential or proprietary to any party or third party;

    (c)  Is or is not entitled to particular protection; or

    (d)  Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party or third party.

In making this claim or defense, the party must comply with the procedures described in this Stipulation, and Court's Order thereon.  This Stipulation, and Court's Order thereon, is entered without prejudice to the right of any party or third party to apply to the Court at any time to modify the restrictions of any such Order, when convenience or necessity requires.  The procedures set forth in this

1 Stipulation, and Court's Order thereon, will not affect the rights of the Parties to
2 object to discovery on grounds other than those related to trade secrets or
3 proprietary information claims, nor will they relieve a party of the necessity of
4 proper response to discovery devices.

5     15.    <u>No Probative Value</u>.  This Stipulation, and Court's Order thereon, will
6 not abrogate or diminish any contractual, statutory, or other legal obligation or
7 right of any party, third party or person with respect to any "Confidential"
8 information or material.  The fact that information or material has been designated
9 as "Confidential" will not make it admissible during the trial of this action, absent
10 a stipulation by the Parties or a ruling by the Court as to its admissibility.  The fact
11 that any information designated "Confidential" is or may be disclosed, used, or
12 produced in discovery or at trial in this action will not prohibit any party or third
13 party from asserting all objections and privileges, that the information:

14         (a)    Is or is not relevant, material, or otherwise admissible;
15         (b)    Is or is not confidential or proprietary to any party or third
16                party;
17         (c)    Is or is not entitled to particular protection; or
18         (d)    Embodies or does not embody trade secrets or confidential
19                research, development, or commercial information of any party
20                or third party.

21     Further, a party that receives material or information in this action that is
22 designated as "Confidential" may not use that material or information in another
23 legal proceeding or for any other purpose than litigating the instant action, absent
24 written consent from the disclosing party or third party.

25     16.    <u>Return of Information and Materials</u>.  At the conclusion of this action,
26 all "Confidential" information or material and copies thereof will, within thirty
27 (30) days of written request of the party or third party furnishing the information or
28 materials, be delivered to the party that furnished the "Confidential" information

1   and material.  All "Confidential" information not embodied in written materials,
2   documents, or tangible items will remain subject to this Stipulation, and Court's
3   Order thereon.  For purposes of this paragraph, "conclusion of this action" shall
4   mean, as to any party, the dismissal of that party from this action by Order of
5   Court, whether by stipulation, Request for Dismissal, or other proceeding, or final
6   judgment as against that party after expiration of all appellate rights or the time for
7   any such appeal.

8   In the event that any deposition transcript marked "CONFIDENTIAL –
9   SUBJECT OF PROTECTIVE ORDER" contains information or materials deemed
10  confidential by more than one party, the transcript shall be returned to the party
11  first making request for return of same.

12  17.  <u>Court's Jurisdiction</u>.  The Court retains jurisdiction to make
13  amendments, modifications, deletions, and additions to the Order approving this
14  Stipulation as the Court from time to time considers appropriate.  The provisions of
15  this Stipulation, and Court's Order thereon, regarding the use or disclosure of
16  information designated as "Confidential" information or material will survive the
17  termination of this action, and the Court will retain jurisdiction with respect to this
18  Stipulation, and Court's Order thereon.

19  18.  <u>Notices</u>.  Any of the notice requirements in this Stipulation and the
20  Court's Order entered thereon may be waived, in whole or in part, but only a
21  writing signed by the attorney of record for the party against whom such waiver is
22  sought will be effective.

23  19.  <u>Amendments</u>.  The Parties may amend this Stipulation, and Court's
24  Order thereon, in writing and may seek to have the amendments entered by the
25  Court as part of its Order.

26  20.  <u>Interpretation</u>.  This Stipulation has been negotiated at arm's length
27  and between and among persons sophisticated and knowledgeable in the matters
28  dealt with in this Stipulation.  Accordingly, none of the Parties hereto shall be

1  entitled to have any provisions of the Stipulation construed against any of the other
2  Parties hereto in accordance with any rule of law, legal decision, or doctrine, such
3  as the doctrine of contra proferendum, that would require interpretation of any
4  ambiguities in this Stipulation against the party that has drafted it.  The provisions
5  of this Stipulation shall be interpreted in a reasonable manner to effect the purposes
6  of the Parties hereto and this Stipulation.

7       21.    <u>Binding on all Parties/Extension to Non-Parties</u>.  This Stipulation,
8  upon entry as an Order of the Court, shall bind the Parties represented by the
9  undersigned counsel, the Parties' agents, officers, directors, employees, and
10 representatives who receive notice of this Stipulation, and Court's Order thereon,
11 and all other parties who appear in this case during the course of this litigation.

12      PURSUANT TO THE STIPULATION RE PROTECTIVE ORDER.

15 Dated: January 30, 2014

                                      Stephen J. Hillman
                                    United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for Central District of California on _____ in the case of *Aetna Life Insurance Company v. Morris B. Silver, et al.,* Case No. CV13-4540 DDP (SHx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____